UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH D. FLOWERS-BEY, #297460,

    Plaintiff,

v.                                                                    Civil Case No. 18-10899
                                                                   Honorable Linda V. Parker

OFFICER GIBBONS, et al.,

    Defendants.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER

**I.**

Michigan prisoner Joseph D. Flowers-Bey ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate at the G. Robert Cotton Correctional Facility in Jackson, Michigan, alleges that corrections officers are verbally harassing and threatening him in retaliation for filing a PREA (Prison Rape Elimination Act) complaint against a fellow officer and filing other grievances. He also asserts that the corrections officers are engaged in a conspiracy against him. Plaintiff names over 20 current and former corrections officers as defendants in this action. He requests that charges be brought and disciplinary action be taken against the corrections officers and he seeks monetary

damages  The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action. *See* 28 U.S.C. § 1915(a)(1).

Having reviewed Plaintiff's Complaint, the Court now dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. The Court therefore is denying as moot Plaintiff's subsequently filed motion for temporary restraining order. The Court also concludes that an appeal cannot be taken in good faith.

## II.

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).

While this notice pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of his or her rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

## III.

Plaintiff's Complaint is subject to summary dismissal. Plaintiff alleges that corrections officers are verbally harassing and threatening him. Allegations of verbal harassment and threats are insufficient to state a civil rights claim under § 1983, however. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *see also Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Montgomery v. Harper*, No. 5:14-CV-P38-R, 2014 WL 4104163, *2 (W.D. Ky. Aug. 19, 2014) ("[H]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation."). Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's constitutional

4

rights. *Miller v. Wertanen*, 109 F. App'x 64, 65 (6th Cir. 2004). Plaintiff's allegations of verbal harassment thus fail to state a claim upon which relief may be granted under § 1983.

Plaintiff further asserts that the corrections officers are verbally harassing and threatening him in retaliation for filing a PREA complaint against a fellow officer and for filing other grievances. To state a retaliation claim, a plaintiff must allege: (1) that he engaged in protected conduct, (2) that an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) (en banc). The plaintiff bears the burden of proof on all three elements. *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). Plaintiff does not meet these standards as he fails to allege facts which show adverse action.

Verbal threats and abuse made in retaliation for filing grievances are not actionable. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). Verbal abuse does not constitute an adverse action sufficient to maintain a claim of unlawful retaliation. *See Taylor v. City of Falmouth*, 187 F. App'x 596, 600 (6th Cir. 2006); *Jackson v. Huss*, No. 1:14-cv-426, 2015 WL 5691026, *10 (W.D. Mich. Sept. 28,

2015) (order adopting report and recommendation). Plaintiff thus fails to state a retaliation claim in his Complaint.

Plaintiff also alleges that the corrections officers are engaged in a conspiracy against him. To state a conspiracy claim under § 1983, a plaintiff must show: (1) a single plan, (2) that the alleged co-conspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that deprived the plaintiff of his civil rights. *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Memphis, TN Area Local v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). A plaintiff must plead the conspiracy with some specificity. Plaintiff's conspiracy claim is vague and conclusory. For example, he fails to allege facts showing overt acts that deprived him of his civil rights. Conclusory allegations are insufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009). Conclusory allegations also are insufficient to state a conspiracy claim under § 1983. *See Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff fails to state a conspiracy claim in his Complaint.

For these reasons, Plaintiff's Complaint must be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS FURTHER ORDERED** that Plaintiff's motion for temporary restraining order is **DENIED AS MOOT**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: July 16, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 16, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury  
Case Manager